UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN BOLZENIUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV01961 AGF |
| ) | |
| VALENTINE & KEBARTAS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for default judgment (Doc. No. 11) against Defendant Valentine & Kebartas, Inc.. Plaintiff filed this action on October 19, 2010, under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"). Plaintiff is a citizen of Missouri; Defendant is a Massachusetts corporation doing business in Missouri and engaged in the collection of delinquent debts. The complaint alleges that during the month of August, 2010, Defendant's collectors left a series of phone messages at Plaintiff's residence in an effort to collect on a delinquent consumer debt. The complaint further alleges that these messages failed to indicate that the communication was from a debt collector and failed to provide meaningful disclosure of Defendant's identity. Plaintiff asserts that Defendant thereby made false representations and used deceptive means in an attempt to collect a debt from Plaintiff.

The Clerk of Court entered default against Defendant on July 12, 2011. On July 26, 2011, Plaintiff filed the present motion for default judgment against Defendant for statutory damages pursuant to the FDCPA in the amount of $1,000.00. Plaintiff further

seeks $1,976.00 in attorney's fees, and $415.00 in costs, consisting of the filing fee and cost of service of the summons and complaint by a process server.

The liability of a defendant is established upon entry of default, and thus, once default is entered, the plaintiff is not required to establish its right to recover. Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973) (stating that on establishment of default, "the defendant has no further standing to contest the merits of plaintiff's right to recover") (citation omitted).  Thus, the only issue before the Court is the amount of damages owed by Defendant to Plaintiff.

The FDCPA prohibits the use of "any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (2006) (providing a non-exclusive list of prohibited conduct).  In the event a debt collector violates the prohibitions of the statute, the FDCPA provides in relevant part that an individual may recover: (1) "any actual damages sustained by such person," (2) "such additional damages as the court may allow, but not exceeding $1,000," and (3) "in the case of any successful action . . . the costs of the action, together with a reasonable attorney's fee." Id. at 1692k.

Plaintiff has provided appropriate documentation, including an affidavit by Plaintiff, that supports his request for statutory damages of $1,000.00 pursuant to the FDCPA, and attorney's fees and costs.  The Court concludes that the attorney's fees requested are reasonable, at a billing rate of $260.00 per hour for 7.6 attorney hours, for a total of $1,976.00.  With regard to the requested costs, the Court will award Plaintiff $415.00 in costs consisting of the filing fee and cost of service of the summons and complaint by a process server.  Plaintiff has failed to provide sufficient evidence to support actual damages, therefore the Court concludes that an award of actual damages would be inappropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (Doc. #11) is **GRANTED** in the amount of $3,391.00.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to mail a copy of this Memorandum and Order to Defendant at the address at which Defendant was served, 2701 Hastings Road, Chatham, Illinois 62629.

A separate Default Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2011.